IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUSTOM PAK WEST, LTD.,

        Plaintiff,

    v.                                CIV. NO. S-08-2489 LKK/GGH

JC PRODUCE, LLC, a California
limited liability company,
and JOHN TEDESCO, PAUL ABESS,
SUSAN LENNANE, BETTE BYOUK,
JAMES LENNANE, KEN CATCHOT,
GEORGE KARAM, each individually,

        Defendants.
_____/

TAYLOR FARMS CALIFORNIA, INC.;
RATTO BROS., INC.; GO-FRESH
PRODUCE, INC.; CHAMP'S MUSHROOMS,
INC.; NORTH AMERICAN PRODUCE;
MOUNTAIN MEADOW MUSHROOMS, INC.;
COAST CITRUS DISTRIBUTORS, INC.
d/b/a COAST TROPICAL d/b/a
OLYMPIC FRUIT & VEGETABLE
DISTRIBUTORS; UMINA BROS., INC.;
INTERFRESH, INC.; VALLEY FRUIT &
PRODUCE; TAYLOR FARMS PACIFIC,
INC.; and JACOBS MALCOLM & BURTT,

        Plaintiffs,

    v.                                CIV. NO. S-08-2657 MCE/EFB

JC PRODUCE, LLC, a California
limited liability company,
and JOHN TEDESCO, WILLIAM DROST,
PAUL ABESS, SUSAN LENNANE,
BETTE BYOUK, and JAMES LENNANE,
each individually

                                              <u>RELATED CASE ORDER</u>
        Defendants.
_____/

1

1    Examination of the two above-entitled actions reveals that
2 they are related within the meaning of Local Rule 83-123, as they
3 involve substantially the same questions of fact and law.
4 Accordingly, the assignment of the matters to the same judge and
5 magistrate judge is likely to effect a substantial savings of
6 judicial effort and is also likely to be convenient for the
7 parties. Under the regular practice of this court, related cases
8 are generally assigned to the judge and magistrate judge to whom
9 the first filed action was assigned.
10   Additionally, pending before the court is plaintiff's motion
11 in case number 2:08-cv-02489 to establish a PACA claim procedure.
12 That issue has been resolved in case number 2:08-cv-02657 by order
13 of Judge England on January 28, 2009. Given that the cases are now
14 related and appear to involve disbursements from the same PACA
15 trust, the parties are ordered to inform the court why that order
16 should not be entered as resolution of the pending motion.
17   The court hereby orders that:
18   1.   The above-captioned cases are RELATED.
19   2.   The action denominated CIV. NO. 2:08-cv-02657 MCE EFB is
20        REASSIGNED to Judge Lawrence K. Karlton and Magistrate
21        Judge Gregory G. Hollows for all further proceedings.
22        Any dates currently set in the reassigned case are
23        hereby VACATED.
24   3.   Henceforth, the caption on documents filed in the cases
25        shall be shown as CIV. NO. 2:08-cv-02489 LKK GGH and
26        CIV. NO. 2:08-cv-02657 LKK GGH, respectively.

2

1  3.  The Clerk of the Court make shall appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

4  4.  The parties in case number 2:08-cv-02489 SHALL, not later than February 13, 2009 at 5:00 PM, file a statement with the court stating whether the January 25, 2009 order establishing a PACA Trust and Disbursement Authorization Procedure, entered in case number 2:08-cv-02657 by Judge England, would resolve the pending motion brought by Custom Pak West, Ltd. The parties' statements shall be not longer than ten (10) pages.

IT IS SO ORDERED.

DATED:  February 6, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3