UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CUSTOM PAK WEST, LTD.,

            Plaintiff,

    v.

JC PRODUCE, INC., dba JC PRODUCE, LLC, and JOHN TEDESCO, PAUL ABESS, SUSAN LENNANE, BETTE BYOUK, JAMES LENNANE, KEN CATCHOT, GEORGE KARAM, each individually,

            Defendants.

                 NO. CIV. S-08-2489 LKK/GGH

                 O R D E R

/

Plaintiff, Custom Pak West, is a wholesale seller of produce who has brought suit against defendant JC Produce and its officers under the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a-499t. Pending before the court is plaintiff's motion to establish a claims procedure for disbursement of assets held by the defendants and purportedly owed to plaintiff as well as other creditors. For the reasons stated herein, the court denies the motion.

1

**I. BACKGROUND**

**A.   Statutory Background**

The Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a-499t, was enacted to regulate business practices in the produce industry. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997). Among its provisions, PACA provides that purchasers or dealers of produce are considered to hold the produce in trust for the benefit of unpaid suppliers and sellers. 7 U.S.C. § 499e; Sunkist Growers, 104 F.3d at 282. Should the dealer become insolvent, the suppliers and sellers "are placed first in line among creditors for all produce-related assets." Frio Ice S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990); 7 U.S.C. § 499e(c). Ordinary trust principles apply to the disbursement of funds from the trust and the dealer's fiduciary responsibility to trust beneficiaries. Sunkist Growers, 104 F.3d at 282.

**B.   Procedural History**

Plaintiff filed suit in this court on October 20, 2008, alleging that it is a seller of produce and that defendants are dealers of produce who have failed to pay plaintiff approximately $41,000 for produce plaintiff sold to defendants. Compl. ¶¶ 2-4, 9. Plaintiff seeks this amount plus interest from the trust held by defendants under PACA. Id. ¶ 19.

Approximately two weeks after plaintiff filed its complaint against defendants, several other sellers of produces also filed a complaint in this court against the same defendants, seeking to recover money owed from the PACA trust. See Taylor Farms

1  <u>California, Inc. et al. v. JC Produce, LLC.</u>, Case No. 2:08-cv-
2  02657. On January 27, 2009, Judge England, to whom the case was
3  assigned, entered an order approving a stipulated claims procedure
4  submitted by the parties.
5       By that order, defendant JC Produce must deposit all of its
6  payments from its accounts receivable into a Bank of America PACA
7  trust account. JC Produce must create a list of all sellers and
8  suppliers who it believed might claim a portion of the PACA trust
9  and, based on JC Produce's review of its records, how much that
10 claim would likely be.[1] <u>See</u> Order, Jan. 27, 2009; Mem. of P. & A.
11 In Support of Stipulation to Establish PACA Trust Claims
12 Determination and Distribution Procedures, at 8-9 & Ex. A. JC
13 Produce then sends all of the potential trust claimants a copy of
14 the order setting forth the claims procedure, the list of potential
15 trust claimants and JC Produce's estimation of the amount owed
16 each, a Claim Amount Dispute Form, and notice of the trust
17 disbursement process. If the claimant agrees with the amount stated
18 JC Produce owed it, the claimant would automatically be sent that
19 amount not later than February 5, 2009. If the claimant disputed
20 the amount, it was required to send JC Produce a completed Claim
21 Amount Dispute Form so as to be received not later than January 27,
22 2009.[2]

---

[1] "Custom Pak, Inc." is included on this list. <u>See</u> Stipulation to Establish PACA Trust Claims Determination and Distribution Procedures, Ex. A at 2.

[2] By order of the court, these dates were subsequently extended, so that disbursements would be made on February 16, 2009

3

Once a claim dispute form is filed, JC Produce and the claimant will attempt to resolve the dispute. If those attempts are unsuccessful, JC Produce will move the court to resolve the dispute, pending which JC Produce will retain the claimant's pro rata share of the trust. According to plaintiffs' and defendant's counsel in Taylor Farms, this claims process is underway currently, with disbursements having been mailed to claimants during the week of February 16, 2009. Statement in Support of PACA Trust Claims Procedure Ordered by Judge England at 4-5; Statement Of JC Produce, LLC Re. Motion of Custom Pak West, LTD. at 3-6.

On February 6, 2009, Taylor Farms was related to this case upon the notice of the defendant. At the time, plaintiff's motion to establish a claims procedure for the PACA trust was pending. In the related case order, the court ordered the parties to file statements as to whether the order setting the claims procedure in Taylor Farms would resolve the instant motion. Defendant and plaintiffs in Taylor Farms responded that that order resolves the instant motion and encourages the court to enter it in this case. Plaintiff responded that the procedures it proposed is superior to that ordered in Taylor Farms and should be adopted.

## II. ANALYSIS

Plaintiff proposes a process to resolve claims against defendant's PACA trust on behalf of itself and all potential claimants and that the court strike the order entered in Taylor

---

and Claim Dispute Forms were due by February 9, 2009. Order, Jan. 28, 2009.

4

<u>Farms</u>. Because the proposed procedure appears inferior to the procedure already established in <u>Taylor Farms</u>, the court denies the motion.

Under plaintiff's proposal, defendant would first account for all assets and deposit them with the registry of the court. Defendant would then identify potential claimants and issue a notice to them that they may be beneficiaries to the PACA trust. As set forth in the notice, the claimants would then be required to file a Complaint in Intervention in the instant case, setting forth their alleged claim amount and supporting documentation. Failure to timely file a Complaint in Intervention will bar the claim. Any party or other qualified PACA trust beneficiary may then file an objection to the claim. The parties may then attempt to resolve the dispute themselves. If that fails, the court would hold a hearing to resolve the disputed claim.

Plaintiffs contend that this process is superior to that entered in <u>Taylor Farms</u> for several reasons. First, it would make all claimants parties in the case and subject to the orders of the court. Second, it would reduce the possibility of defendant's mishandling of the trust assets, as it would require them to be held by the court after an accounting. Third, it mitigates the likelihood that there will be no funds left in the trust after resolution of a dispute. Fourth, plaintiff's suit names JC Produce's officers as individual defendants, which would be necessary if JC Produce cannot fully satisfy all claims. Finally, the proposed process would promote accuracy and fairness by vesting

5

in the court the primary authority to resolve disputes and determine claim awards.

These arguments are not compelling. As a preliminary matter, it is undoubtedly the case that Judge England considered at least some of these factors when issuing the order establishing the claims process in Taylor Farms, given that the stipulation that he adopted was supported by a memorandum of points and authorities that clearly described the claims process proposed and authority thereto. See Mem. of P. & A. In Support of Stipulation to Establish PACA Trust Claims Determination and Distribution Procedures. Additionally, the plaintiffs and interveners who stipulated to the Taylor Farms claims process comprise eighteen of the potential PACA trust claims, which is some indication that the concerns Custom Pak raises regarding JC Produce's fairness in managing and disbursing the trust may be unfounded and overly cautious.[3] Further evidence of this is the fact that the claims disbursements have begun on schedule, with few disputes raised by claimants. Statement in Support of PACA Trust Claims Procedure Ordered by Judge England at 4-5; Statement Of JC Produce, LLC Re. Motion of Custom Pak West, LTD. at 3-6.

To the extent plaintiff's motion is based on a preference to have the court resolve disputes, this also appears insufficient to

---

[3] The plaintiffs' attorney in Taylor Farms also represents that he sent the proposed claims procedure to several of the attorneys representing PACA claimants, whose claims total $1.2 million, and received no objection from them. Statement in Support of PACA Trust Claims Procedure Ordered by Judge England at 5.

6

warrant striking the Taylor Farms order and entering that proposed by plaintiff. The process ordered in Taylor Farms provides for the ultimate resolution of disputes by the court and the court has jurisdiction over defendant JC Produce, allowing it to order JC Produce to make disbursements as the court determines is proper. Although a greater transparency may result from each claimant appearing as an intervener, that process would result in a slower resolution of claims and an higher cost for a claimant seeking its disbursement. Given the number of claimants, including the considerable number of claims for only a few hundred dollars, it appears that equity is served by maintaining the claims procedure ordered in Taylor Farms.

Finally, the court is not compelled by plaintiff's concerns that the trust funds may be exhausted before resolution of disputed claims and that the insolvency of JC Produce may require recovery from the officer defendants. Plaintiffs have tendered no evidence nor otherwise indicated that either of these concerns are founded in fact. Even if these obstacles do arise, in cases where there are insufficient funds to fully pay each claimant from the PACA trust, courts have approved pro rata disbursements. See, e.g., C & E Enter., Inc. v. Milton Poulos, Inc., 107 B.R. 715 (B.A.P. 9th Cir. 1989) aff'd in relevant part, 947 F.2d 1352 (9th Cir. 1991); J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47, 51 (Bankr. N.D. Fla. 1989). Plaintiff offers no reason why that would not be an equitable outcome should JC Produce not hold sufficient assets in the PACA trust to fully pay each claim.

**III. CONCLUSION**

For the reasons stated herein, the plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED: February 20, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT